# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANDIA CORPORATION,

        Petitioner,

vs.                                                         Civ. No. 01-1415  MV/WDS

OFFICE AND PROFESSIONAL
EMPLOYEES INTERNATIONAL UNION,
LOCAL 251, AFL-CIO,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Respondent's Motion for Clarification of Judgment, filed June 15, 2004, **[Doc. No. 27]**. On June 1, 2004, the Court entered a Memorandum Opinion and Order affirming and enforcing the Arbitrator's Award in this matter. *See* Memorandum Opinion and Order, filed June 1, 2004, [Doc. No. 25]. The Arbitrator's Award required the reinstatement of Ms. Urquidez without backpay within ten days of the date of the Award. Respondent now moves the Court, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, to clarify whether Ms. Urquidez is entitled to be reinstated as of December 13, 2001--ten days after the Arbitrator's Award was issued--or June 13, 2004--ten days after the Court's Order affirming and enforcing the Arbitrator's Award.

Rule 60(a) permits the Court to clarify an ambiguity in an order or judgment. *See Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) (district court "is not limited under Rule 60(a) to

the correction of clerical mistakes arising from oversight or omission.  Rather, a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented.").  In his Award, the Arbitrator found that there was cause to terminate Ms. Urquidez but that the process used to terminate Ms. Urquidez was flawed because Ms. Urquidez was not permitted to have a union representative at a disciplinary meeting.  The Arbitrator, therefore, ordered that Ms. Urquidez be reinstated and that the disciplinary process begin again at the point the violation of due process occurred.  *See* December 3, 2001 Arbitration Award ("The Grievant shall be reinstated to her former job within ten calendar days after receipt of this AWARD.  The employer is directed, at its discretion, to reconvene the contested meeting under the circumstances present at that time . . . As of the date of the reconvened meeting, the Employer's disciplinary process shall continue unabated  . . .).  The Arbitrator specifically stated that no backpay was allowed because "to do so would be to award [Ms. Urquidez] for her misdeeds."

It is clear that the Arbitrator's Award was intended to place the parties back in a certain procedural posture.  Thus, to properly effect the Award, Ms.Urquidez must be reinstated within ten days of the Court's Order affirming the Arbitration Award, not within ten days of the Arbitrator's Award.  To interpret the Award otherwise would be contrary to the Arbitrator's determination that Ms. Urquidez should not be rewarded for her misdeeds and would inappropriately grant Ms. Urquidez a windfall due to the significant lapse in time while this Court reviewed the Arbitration Award.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Clarification of Judgment, filed June 15, 2004, **[Doc. No. 27]** is hereby **GRANTED**.  The Court hereby clarifies that Ms. Urquidez is to be reinstated without backpay within ten days of the Court's Order affirming the Arbitrator's Award.

Dated this 4th day of November, 2004.

                                              MARTHA VÁZQUEZ
                                              U. S. DISTRICT COURT JUDGE

Attorney for Petitioner:
        Ryan M. Randall, Esq.

Attorney for Respondent:
        Angela Cornell, Esq.